# Exhibit 7

# Jonathan Marc Davidoff

*Attorney-at-Law*
Davidoff Law Firm, PLLC
60 East 42nd Street
Suite 2231
New York, NY 10165
Tel: 212-587-5971 / Fax: 212-658-9852 / E-mail: JONATHAN@DAVIDOFFLAWFIRM.com

# Fax Cover

To:  Judge P. Kevin Castel

   Tel:

   Fax:  (212)805-7949

From:  Jonathan Davidoff, Esq.

   Tel:  212-587-5971

   Fax:  212-658-9852

Date:  19 May 2010

Total Number of pages:   3 (including this cover sheet)

Re:  The Pennsylvania Avenue Funds v. Inyx, Inc., et al

**This message is intended only for the use of the Addressee and may contain information that is PRIVILEGED and CONFIDENTIAL.**
**If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify me immediately at 212-587-5971.**

**Thank You.**

*Admitted in:  Florida, New York, Massachusetts, S. Dist. of New York, Tax Court, and U.S. Supreme Court*



# Jonathan Marc Davidoff, Esq.
## Davidoff Law Firm, P.L.L.C.
Admitted in: Florida, Massachusetts, New York, Tax Court and The United States Supreme Court.

19 May 2010

via US Mail and FAX (212)805-7949
Honorable P. Kevin Castel
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
Room 2260
New York, New York 10005

Re:  The Pennsylvania Avenue Funds v. Inyx, Inc., et al
      Case #08-cv-6857

Dear Judge Castel:

As of now, I am sure you have seen that I filed a Notice of Appearance on behalf of Inyx, Inc., Jay Green, Jack Kachkar, and Rima Goldshmidt, as well as filed an Answer on our clients' behalf.  Additionally, I filed our clients' Rule 26 disclosures.  At this time, I renew my request for a brief stay of any and all discovery and motions to permit the Firm to catch up with the Court and Plaintiff's counsel in this matter.  At the end of this brief stay, I suggest the Court conduct a status conference so that the parties can appear and advise the Court on the time each needs to complete discovery in the instant matter and to discuss other issues.

Currently, our clients are attempting to comply with their Discovery obligations by trying to obtain the necessary documents that they are required to provide to Plaintiff through Discovery.  Some of these documents are in the possession of prior counsel and other parties.  Unfortunately, prior counsel has refused our clients' request to provide a copy of their file to them.  Furthermore, as a result of Inyx, Inc. being placed into a receivership in several different countries, our clients do not have access to much of the corporate documents that are relevant in the instant matter.  Additionally, there is a related matter in the District Court of Puerto Rico, between Westernbank Puerto Rico and several of our clients, in which the plaintiff in that action has possession of many of the documents that our clients need to comply with their Discovery obligations.  Unfortunately, the Puerto Rico matter is in turmoil as the Federal Deposit Insurance Company has taken over the bank and moved to substitute as the plaintiff in that action.  Furthermore, counsel for the bank has filed motions to withdraw from the action.  Thus, our clients' ability to obtain the necessary documents they need to comply with their Discovery obligations has been further hindered.

60 East 42nd Street
Suite 2231
New York, New York 10165
Tel:  212-587-5971
Fax:  212-658-9852
Jonathan@DavidoffLawFirm.com

235 Lincoln Road
Suite 310
Miami Beach, Florida 33139
Tel:  305-673-5933
Fax:  305-718-0647
www.DavidoffLawFirm.com

Based on the aforementioned scenarios, our clients request that the Court amend its Discovery order, but only after it grants a stay so that I can catch up to speed on this matter and our clients can obtain as much of the Discovery as is possible. In the interim, our clients are in the process of sending to me whatever documents they have in their personal possession. Upon receipt of these documents, I will conduct a review and disclose any documents that are relevant and required of our clients to the Plaintiff.

Furthermore, regarding those documents in the possession of our clients' prior counsel, I have sent such counselors a letter requesting that they deliver to my office by May 28, 2010 the entire file and all of the documents relating to this action that are in their possession. I have advised prior counsel of their ethical obligations and advised them to review New York State Bar Association Committee on Professional Ethics Opinion 591. If prior counsel fails to deliver the documents as so demanded, I will file a motion with the Court requesting an Order from Your Honor instructing prior counsel to deliver such documents to me.

I hope that Your Honor considers the requests in this letter and grants me the time that I require so that I can provide my clients with informed advice and adequate representation. Thank you in advance for your attention to and patience with this matter. I am available to discuss this matter with the Court and opposing counsel, if the Court requests a telephone conference to address any of the outstanding matters. I am available at (212587-5971.

Very Truly Yours,

Jonathan Marc Davidoff, Esq.

Enclosure

cc:     David Brower, Esq. (via Email)
        Clients (via Email)