# Exhibit 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP,<br>　　　　　Defendants. | Civil Action No. 08-cv-06857-PKC<br>Honorable P. Kevin Castel |

## INYX INC., JACK KACHKAR, RIMA GOLDSCHMIDT, AND JAY M. GREEN'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendants, Inyx, Inc., Jack Kachkar, Rima Goldschmidt, and Jay M. Green (collectively hereinafter "Defendants") hereby responds, pursuant to Federal Rule of Civil Procedure 34 and Southern District of New York Local Civil Rule 5.1 to the First Set of Requests for Production from THE PENNSLYVANIA AVENUE FUNDS, ("Plaintiff").

### I. GENERAL OBJECTIONS

1.　Defendants object to each document request insofar as it calls for the production of documents and things that are protected from disclosure by a privilege or immunity, including without limitation the attorney-client privilege, the attorney work-product doctrine, and the Federal Rules of Civil Procedure.

2.　To the extent specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as waiver of any other General Objections applicable to documents falling within the scope of that request or any other request. Further, by agreeing to produce responsive documents, Defendants are not representing that responsive documents exist.

3. Defendants object to Plaintiff's requests to the extent that they are overbroad, vague and ambiguous. When attempting to produce documents in response to a vague and ambiguous request, Defendants will consent to production of documents to the extent that they understand the document request.

4. Defendants will not produce any Confidential documents prior to entry of a suitable Protective Order in this matter, and will only produce documents subject to the Protective Order entered in this matter.

5. Defendants have not completed their investigation of the facts relating to this case, have not yet completed discovery in this action, and have not completed preparation for trial. Therefore, all of the following responses are without prejudice to Defendants' right to produce evidence of any subsequently-discovered facts or subsequently-discovered documents. The information hereinafter set forth is true and correct to the best knowledge of Defendants as of this date, and is subject to correction for inadvertent errors, mistakes or omissions.

6. Defendants object to and reject paragraph 5 of Plaintiff's "Instructions" purporting to require Defendants to identify the witnesses who possessed the documents upon receipt, which is practically impossible for Defendants to do and it is extremely burdensome.

7. Defendants redefine the definition in paragraphs 10 and 15 of Plaintiff's "Definitions" to exclude Steven Handley from the definition of Defendants and Individual Defendants.

8. Defendants object to and reject paragraph 11 of Plaintiff's "Definitions" purporting to require Defendants to answer on behalf of third parties or provide information protected by attorney-client or attorney work product privileges.

9. Defendants object to and reject paragraphs 16 and 17 of Plaintiff's "Definitions"

purporting to require Defendants to produce publically accessible documents.

10. Defendants object to paragraphs 11 and 12 of Plaintiff's "Definitions" and paragraphs 45 and 46 of Plaintiff's "Instructions" purporting to require Defendants to produce documents in the possession, custody or control of third parties or produce documents protected by attorney-client or attorney work product privileges. Any documents produced are those under Defendants' possession, custody and control, and no inadvertent production of documents should be construed as a waiver of applicable privileges. As to any privileged documents, a privilege log is submitted herewith.

11. Defendants objects to paragraph 46 and 47 of Plaintiff's "Instructions" purporting to require Defendants to create an index of documents for Plaintiff's benefit.

12. Defendants object to producing discovery responses so long as Plaintiff refuses to comply with its discovery obligations.

13. Defendants object to the provisions of paragraph 49 of Plaintiff's "Instructions" detailing how Confidential materials shall be produced, as undersigned counsel and counsel for Plaintiff have agreed to enter into a Confidentiality Agreement and upon such execution of this agreement, Defendants will produce documents that are listed as confidential and Plaintiff will have such documents Bates stamped.

14. Defendants object to the provisions of paragraphs 50, 51, and 52 of Plaintiff's "Instructions" detailing how documents should be produced if such are stored electronically, as Plaintiff has requested that all documents be provided in electronic format.

## II.  RESPONSES

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel or the administrator and not in Defendants' possession.  Defendants further object to the Request herein as it requests documents concerning "fraud" agreements, which the Defendants have no knowledge of any fraudulent agreements, and thus the objection is to the characterization that any agreements are fraudulent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.  Defendants further object to the Request herein as it requests documents concerning "fraud" guarantees, which the Defendants have no knowledge of any fraudulent guarantees, and thus the objection is to the characterization that any guarantees are fraudulent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are in the possession of Westernbank and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents that are with prior counsel or with the administrator and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents that are with prior counsel or with the administrator and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Reports will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Reports that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced.  Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

*See* General Objections which are incorporated by reference herein. Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession. The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

*See* General Objections which are incorporated by reference herein. Upon execution of the Confidentiality Agreement, the requested Documents will be produced. Defendants also object to the requested Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

*See* General Objections which are incorporated by reference herein. Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with Inyx US Trustee.  The remainder of the Documents and Communications are privileged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents will be produced of those that are in Defendants' possession.  The Defendants also object to the requested Communications and Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Drafts that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

*See* General Objections which are incorporated by reference herein.  Defendants also object to the requested Documents and Communications that are with prior counsel and not in Defendants' possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:

*See* General Objections which are incorporated by reference herein.  Upon execution of the Confidentiality Agreement, the requested Documents that are in Defendants' possession will be produced, but those that are not in Defendants' possession the Defendants object as such are in the possession of third parties who have refused to voluntarily provide access to such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:

*See* General Objections which are incorporated by reference herein.  Defendants also object that due to the Westernbank Litigation, all documents have been preserved by former counsel Butzel Long, the Defendants former attorneys in the Westernbank Litigation and the instant action.  To date, Butzel Long has refused to deliver the Defendants' documents and records, so such are unavailable.  Furthermore, the Defendants have not had access to a number of documents and communications that have been improperly seized by Westernbank's agents and other third parties.

New York, New York.
Dated: June, 23, 2010

                Respectfully Submitted,

                By: _____
                     JONATHAN MARC DAVIDOFF
                     New York Federal Bar #JD9157
                     DAVIDOFF LAW FIRM, PLLC
                     60 East 42nd Street
                     Suite 2231
                     New York, New York 10165
                     Telephone: 212-587-5971
                     Facsimile: 212-658-9852
                     Email:  Jonathan@Davidofflawfirm.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of June, I will submit a true and correct copy of the foregoing via electronic mail to David Bower, Esq., Bower Piven, 488 Madison Avenue, 8th Floor, New York, New York 10022.  I also certify that I will electronically file the foregoing document with the Clerk of the Court using CM/ECF.

                Respectfully submitted,

                By: _____
                     JONATHAN MARC DAVIDOFF