# Exhibit 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE PENNSYLVANIA AVENUE FUNDS,
Individually And On Behalf of All Others
Similarly Situated,
        Plaintiff,

vs.

INYX INC., JACK KACHKAR, STEVEN
HANDLEY, RIMA GOLDSHMIDT, JAY
M. GREEN and BERKOVITS &
COMPANY, LLP,
        Defendants.

Civil Action No. 08-cv-06857-PKC ·
Honorable P. Kevin Castel

---

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

On this 23rd day of June, 2010, the Lead Plaintiff, the Pennsylvania Avenue

Funds (hereinafter "Plaintiff") and Defendants Inyx, Inc., Jack Kachkar, Rima

Goldschmidt, and Jay M. Green (collectively hereinafter "Defendants") (individually, any

named-plaintiff or Defendant is hereinafter referred to as a "Party" and Plaintiff and

Defendants are hereinafter collectively referred to as the "Parties"), to expedite the flow

of discovery material, facilitate the prompt resolution of disputes over confidentiality,

adequately protect material(s) entitled to be kept confidential, and ensure that protection

is afforded only to material so entitled, pursuant to this Court's authority under Federal

Rule of Civil Procedure ("FRCP") 26(c), hereby stipulate and agree, subject to the

approval of the Court, as follows:

    1.    This Agreement shall govern the treatment of all documents or information

produced in this pending in the United States District Court for Southern District

of New York (the "Court") under the caption THE PENNSYLVANIA AVENUE

FUNDS, Individually And On Behalf of All Others Similarly Situated, v. INYX INC.,

Confidentiality Agreement        Page 1 of 21        Civil Action No. 08-cv-06857-PKC

JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP, Civil Action No. 08-cv-06857-PKC (the "Action"), designated as "Confidential Information," "Attorneys' Eyes Only Information" and/or privileged (as those terms are defined below), produced in any form (including, but not limited to, documents and information voluntarily produced, produced in discovery, disclosed through testimony, or contained in pleadings, briefs or other documents filed with the Court) for purposes of discovery by any party, or by any nonparty, or its counsel, retained experts, or agents (the "Producing Party") to any other party, its counsel, retained experts, or agents (the "Receiving Party").

2.      Any documents or other information designated "Confidential Information" or "Attorneys' Eyes Only Information" produced in the Action shall be used solely for purposes of litigating the Action. The Parties may only use the documents or other information produced under this Agreement in other actions upon the express written consent of the Producing Party and upon the entry, if necessary, of an agreement or protective order which is at least as protective as this Agreement.

3.      This Agreement shall not govern the use or disclosure by a party of the following: (i) its own Confidential Information; and (ii) Confidential Information which is or becomes publicly available without violation of this Agreement.

4.      The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

a.    The term "documents" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by FRCP 34, and shall include all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not limited to: files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, e-mail, and computer files.

b.    The terms "Non-Party" or "Third Party" shall mean any individual, corporation, association or other natural person or entity who is not a named plaintiff or defendant in the Action.

c.    "Confidential Information" means any document or information supplied in any form, or any portion thereof, which contains non-public confidential business commercial, research, or financial information of any Party or Third Party, and which is designated as "Confidential Information" by the Producing Party for purposes of this Action.  A designation by the Producing Party of "Confidential Information" shall constitute a representation to the Court that counsel believes, in good faith, that the information constitutes Confidential Information.

d.    The term "Attorneys' Eyes Only Information" shall mean and include that subset of "Confidential Information," as defined in paragraph 4(c) above, which the Producing Party reasonably believes, in good faith,

is so economically or competitively sensitive that: (i) it is the subject of reasonable efforts under the circumstances to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; and (iii) its disclosure to existing or potential business competitors would materially affect or threaten injury to the business, commercial, or financial interests of the Producing Party. Attorneys' Eyes Only Information includes, but is not limited to, trade secrets (to the extent not otherwise privileged from discovery), competitively sensitive information, and information that is required to be kept confidential by contract or other legal obligation. A designation by the Producing Party of "Attorneys' Eyes Only" shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Attorneys' Eyes Only Information.

5.    The Producing Party shall make a good faith effort to designate information to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

6.  A Producing Party designating information as "Confidential Information" shall designate the information in one of the following ways: (1) information set forth in an answer to an interrogatory may be designated by including the words "Confidential Information" in the answer; (2) information contained in any document or part thereof may be so designated by marking the words "Confidential Information" on the document or a copy of the document produced in discovery; and (3) information contained in any email or electronic

document (including printouts of such) that is included in the file name or the subject line of an email as "Confidential Information" or is otherwise indicated in such.

7.   A Producing Party designating information as "Attorneys' Eyes Only" shall designate the information in one of the following ways: (1) information set forth in an answer to an interrogatory may be designated by including the word "Attorneys' Eyes Only" in the answer; (2) information contained in any document or part thereof may be so designated by marking the words "Attorneys' Eyes Only" on the document or a copy of the document produced in discovery, and (3) information contained in an email or electronic document (including printouts of such) that is included in the file name or the subject line of an email as "Confidential Information" or is otherwise indicated in such.

8.   Confidential Information or Attorneys' Eyes Only Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, shall be designated by the Producing Party by informing the Receiving Party of the appropriate designation in writing (including electronic mail or notice that states that such information is Confidential Information or Attorneys' Eyes Only Information).

9.   Confidential Information or Attorneys' Eyes Only Information contained in a deposition transcript, exhibit or any videotape of the deposition must be so designated within fifteen (15) days after receipt of the deposition transcript. All deposition transcripts, exhibits and videotapes shall be initially treated as Attorneys' Eyes Only pursuant to this Agreement from the date of the

deposition to fifteen (15) days following receipt of the deposition transcript. Thereafter, if any portions of a transcript, exhibit, or video that has been expressly designated as Confidential Information or Attorneys' Eyes Only Information, they shall be so treated in accordance with this Agreement. If the Producing Party requests an extension of time beyond the fifteen (15) days (a reasonable extension), the Receiving Party shall not unreasonably withhold agreement to provide an extension of a reasonable period.

10. If the Producing Party inadvertently discloses or produces documents or information that should have been designated Confidential Information or Attorneys' Eyes Only Information, the Producing Party may so designate such material by serving written notice upon the Receiving Party. The Producing Party shall produce, at the time of such written notice, a copy of the document or information marked with the appropriate designation. Upon receipt of such notification, all materials so designated shall be treated as subject to this Agreement as if it had been initially so designated, and the Receiving Party shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such newly designated information are immediately treated as containing Confidential Information or Attorneys' Eyes Only Information, as the case may be. The inadvertent failure to designate Confidential Information or Attorneys' Eyes Only Information, as the case may be, shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Waiver of the confidentiality provisions of this Agreement may only be made explicitly in

writing by the Producing Party. The Parties reserve the right to seek any appropriate relief from the Court for impermissible dissemination of Confidential Information, including but not limited to those any remedies provided under the FRCP for such conduct.

11. If a Producing Party inadvertently or unintentionally discloses or produces any information or document that is privileged or exempt from production, such disclosure or production shall not constitute a waiver or impairment of the Producing Party's claim of privilege or exemption (including the attorney-client privilege or work product doctrine) concerning any such information or documents or the subject matter thereof.  A Producing Party shall have the right to re-designate as privileged or exempt any information or documents that it produces or has produced. If an inadvertent disclosure or production by a Producing Party occurs, the privileged or exempt materials, together with all copies, shall be returned to the Producing Party as soon as practicable after the earlier of a demand of the Producing Party or discovery by the Receiving Party of the privileged or exempt materials, except the Receiving Party, may retain copies of such material if the Receiving Party promptly challenges the designation as privilege before the Court and may submit such material to the Court, *in camera*, for the Court's determination of the protected status, if any, of such material with notice to the Producing Party. During the period of time that the Receiving Party possess such materials that are re-designated and the time the Court rules on such material, the counsel for the Receiving Party is under an obligation to keep such materials confidential and not share such

materials with its clients or any other party.  The Parties reserve the right to seek any appropriate relief from the Court for impermissible dissemination of privileged information, including but not limited to those any remedies provided under the FRCP. for such conduct.

12.  Notwithstanding the provisions of paragraphs 5 through 9, in the event that documents are provided for inspection only, no marking need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply:

    a.     The Producing Party shall not be deemed to have waived the status as Confidential Information or Attorneys' Eyes Only Information of documents made available during such an initial inspection but not chosen by the inspecting party for copying.

    b.     Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall, within 14 days (or such longer period as the Parties may agree or by order of the Court), and prior to providing copies of the selected documents to the requesting party, mark each page of such documents as may contain Confidential Information or Attorneys' Eyes Only Information in accordance with paragraphs 5 through 9.

13.  The Receiving Party may, in good faith, object to the designation of any document or specific information as "Confidential Information," "Attorneys' Eyes Only" or privileged in writing.  The objection must specify the document (by Bates number, if identified by Bates number) or information challenged (or,

where appropriate, by reasonably defined categories of documents or information challenged) and include a statement of the legal or factual basis for each objection. The Receiving Party shall make a good faith effort to resolve the dispute with the Producing Party at a meet-and-confer. If no agreement as to the designation can be reached, the Receiving Party may move the Court for an Agreement determining whether or not such document is Confidential Information, Attorneys' Eyes Only or privileged within seven (7) days of the meet-and-confer. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Agreement shall remain in effect.

14. Confidential Information produced by a Non-Party who agrees to be bound by the terms of this Agreement shall be treated in the same manner as would such information produced to a Party. Any Non-Party who wishes to produce documents pursuant to the terms of this Agreement shall execute an Acknowledgment in the form attached hereto as Exhibit A, and provide executed copies of the Acknowledgment to all of the Parties.

15. Except as otherwise provided in this Agreement, Confidential Information may only be disclosed to:

a.      the Parties, the Parties' inside counsel, if any, employees of the Parties' inside counsel who are acting under the direction of such counsel and who are necessary to assist such counsel in the Action, and outside counsel representing a Party in the Action (including their partners, associates, paralegals, and clerical and support personnel);

b.      the Court and all persons assisting the Court in this litigation, including court reporters taking testimony involving such information, and necessary

c.      persons retained as consultants or experts by any party solely for purposes of the Action, and principals and employees of the firms with which consultants or experts are associated (but excluding any Party regularly employed or engaged by a current or prospective competitor of the Party or Third Party that denominated the material);

d.      persons, other than consultants or experts, who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

e.      the persons listed on the document as authors or recipients (including copy recipients);

f.      any Party who is likely to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness; and

g.      any other Party hereafter designated by written stipulation of the Parties or by further Agreement of the Court.

16. Except as otherwise provided in this Agreement, Attorneys' Eyes Only Information may only be disclosed to:

a.      the Parties' outside counsel representing a Party in the Action (including their partners, associates, paralegals, and clerical and support

From: INVX                                                          06/23/2010 11:53          #343 P. 010/021

personnel, provided they are not presently, and have no plans to become, employees of any Party in the Action);

b.      the Court and all persons assisting the Court in this litigation, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

c.      persons retained as independent (*i.e.* Non-Party and non-employee) consultants or experts by any party solely for purposes of the Action, and principals and employees of the firms with which such independent consultants or experts are associated, but specifically excluding any Party regularly employed by or engaged by a current or prospective competitor of the Party or Third Party that denominated the material;

d.      persons, other than consultants or experts, who are retained to provide purely administrative assistance to counsel for any party for the purpose of the Action, including litigation support services and outside copying services;

e.      the persons listed on the document as authors or recipients (including copy recipients); and

f.      any other Party hereafter designated by written stipulation of the Parties or by further Agreement of this Court.

17. No Confidential Information or Attorneys' Eyes Only Information may be disclosed to any Party pursuant to the provisions of paragraphs 15 and 16 of this Agreement, unless counsel first informs such Party that pursuant to this

Agreement the material to be disclosed may only be used for purposes of preparing and presenting evidence in the Action, and must be kept confidential. This paragraph shall not apply to Court personnel.

18. No Confidential Information or Attorneys' Eyes Only Information may be disclosed to any Party identified in subparagraphs 15(c), 15(d), 15(f), 15(g), 16(c), 16(d), and 16(f) of this Agreement, unless such Party is first given a copy of this Agreement and advised that the information contained in the document is Confidential Information or Attorneys' Eyes Only Information, as the case may be, and informed that an unauthorized disclosure of the information in the document may constitute contempt of this Court. Each Party to whom Confidential Information or Attorneys' Eyes Only Information is disclosed pursuant to paragraphs 15(c), 15(d), 15(f), 15(g), 16(c), 16(d), or 16(f) of this Agreement, as the case may be, shall execute an Acknowledgment in the form attached hereto as Exhibit B, and shall agree to be bound by this Agreement prior to receiving any Confidential Information or Attorneys' Eyes Only Information, except witnesses at depositions, hearings, trial or other proceedings, who are governed by paragraph 17 above and the Court and Court personnel. Copies of the executed Acknowledgments, and a current log of the materials disclosed to each Party executing an Acknowledgment, shall be retained by counsel for the Party or Parties who disclosed the Confidential Information or Attorneys' Eyes Only Information to such persons. Copies of all Acknowledgments executed pursuant to this

paragraph shall be disclosed to Producing Party only upon good cause shown or by order of the Court.

19. In the event that a Party inadvertently discloses Confidential Information to persons other than those enumerated in paragraphs 15 and 16, the disclosure must be reported in writing as soon as practicable to the Producing Party. In that event, counsel for the Party inadvertently disclosing the Confidential Information shall make all reasonable efforts to obtain the agreement of the persons to whom that information was disclosed to treat the information as confidential and subject to this Agreement.

20. No Party, firm, corporation, or other entity shall use, disclose, make available, or otherwise communicate Confidential Information or Attorneys' Eyes Only Information in any manner whatsoever except for purposes of the Action, and then only in a manner consistent with this Agreement.     A Producing Party's use for any purpose of its own documents and information which it produces or discloses in the Action shall not be considered a violation of this Agreement.

21. Counsel for a Party may show documents containing Confidential Information or Attorneys' Eyes Only Information to a witness during a deposition, hearing, trial, or other proceeding without providing prior notice to the Party or Third Party who produced such information. However, before doing so, counsel must follow the procedure outlined in paragraph 17. In addition, persons in attendance at a deposition, other than Parties, Parties' counsel, the witnesses and the witnesses' counsel, may be limited at the

Confidentiality Agreement            Page **13** of **21**            Civil Action No. 08-cv-06857-PKC

request of the Producing Party consistent with the other term of this Agreement.

22. Notwithstanding any other provision of this Agreement, the Parties shall confer and attempt to agree before any hearing, trial or other proceeding on the procedures to be utilized for the introduction of Confidential Information or Attorneys' Eyes Only Information into evidence or otherwise used at such hearing, trial, mediation, or other proceeding.

23. In the event a Party wishes to use Confidential Information or Attorneys' Eyes Only Information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in the Action prior to, or due to the inability to agree upon, a procedure for governing use of Confidential Information or Attorneys' Eyes Only Information, such Party shall take appropriate steps to safeguard such Confidential Material or Attorneys' Eyes Only Information filed with the Court, which steps may include, as permitted by the Local Rules of the United States District Court for the Southern District of New York, the Court's Individual Practice Rules and/or further Order of the Court, redaction or electronically restricting the persons that may view the document.   Redacted portions shall be submitted to the Court in a seal envelope accompanied by a letter stating that the contents of such envelope includes Confidential Material or Attorneys' Eyes Only Information that a party claims is subject to this Agreement. Materials filed under electronic viewing restrictions will so remain for as long as the information contained in them

retains its status as Confidential Information or until otherwise ordered by the Court.

24. The attorneys of record are responsible for employing reasonable measures, consistent with this Agreement, to control duplication of, access to, and distribution of Confidential Information and Attorneys' Eyes Only Information.

25. Should any Party bound by this Agreement receive a subpoena from a Third Party seeking, requesting, or requiring the disclosure of Confidential Information or Attorneys' Eyes Only Information in any form, such Party shall give ten (10) business days prior notice to the Producing Party who produced or supplied the Confidential Information or Attorneys' Eyes Only Information so that the Producing Party may seek appropriate relief, if any. This notice shall be made in writing by electronic mail to the attorney(s) of record for the Producing Party. If ten (10) business days prior notice is not possible, then the email notice of such subpoena shall be given as soon as practicable. No Party bound hereby who receives a subpoena from a Third Party seeking, requesting, or requiring the disclosure of Confidential Information or Attorneys' Eyes Only Information shall produce or disclose such document or information unless and until either (i) three business days have past since rendering the notice, (ii) the Party in receipt of the subpoena receives an order from a court of competent jurisdiction compelling production, a copy of an agreement or protective order from a court having competent jurisdiction providing similar protections to those provided by this Agreement, or (iii) such production or

Confidentiality Agreement                  Page 15 of 21          Civil Action No. 08-cv-06857-PKC

disclosure is expressly consented to by the Party who produced or supplied the Confidential Information or Attorneys' Eyes Only Information, as the case may be. Nothing in this paragraph shall apply to subpoenas or requests made by federal, state or local government agencies or self regulatory organizations, and no notice to the Producing Party is required prior to production to such entities regardless of the designation. In such event, however, the Producing Party must retain identical copies of all documents and information produced to such federal, state or local government agencies or self regulatory organizations.

26. Any Receiving Party may at any time request that the Producing Party cancel the "Confidential Information" or "Attorneys' Eyes Only" designation with respect to any documents, object or information. Such request shall be in writing, shall be served on counsel for the Producing Party, and shall identify the designated "Confidential Information" or "Attorneys' Eyes Only" that the Receiving Party contends is not entitled to such designation and the reasons supporting its contentions. If the Producing Party does not agree that the documents or information should no longer be designated "Confidential Information" or "Attorneys Eyes Only" under this Agreement, then the Parties shall confer, in a good faith, to attempt to resolve the dispute. If after timely notice and conference, the Parties fail to resolve their dispute, the Party contending non-confidentiality may file a motion with the Court to be relieved of the limitations of this Agreement with respect to the document or information in question. The Party requesting de-designation of the subject document(s) or other information as "Confidential Information" or "Attorneys' Eyes

Only", shall, while a motion to designate the document(s) or other information as Confidential or Attorneys' Eyes Only, or while any appeal or request for review or reconsideration pertaining to such a motion is pending, treat the subject document or information as designated and as provided under this Agreement.

27.    Nothing contained in this Agreement shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or in any other proceeding.

28.    Nothing contained in this Agreement shall affect the rights of any Third Party to object to discovery on grounds other than those related to the confidentiality of documents or information or to seek further relief or protective agreements from the Court as may be appropriate under the FRCP, nor does anything in this Agreement relieve a Third Party of his, her or its obligation to properly and timely respond or object to discovery requests, or a Third Party from seeking further relief or protective agreements from the Court as may be appropriate under the FRCP. Any Third Party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

29.    , Nothing contained in this Agreement relieve a Party of his, her or its obligation to properly and timely respond or object to discovery requests. This Agreement shall also not preclude any Party from seeking further relief or protective agreements from the Court as may be appropriate under the FRCP.

Any Party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

30. The Parties reserve all rights to apply to the Court for a modification of this Agreement, including, but not limited to a reduction or enhancement of protections provided hereunder for the discovery or other use of "Confidential Information", "Attorneys' Eyes Only" information or other information, documents or transcripts.

31. Nothing contained in this Agreement shall affect the ability of the Parties to alter the time periods set forth in this Agreement by agreement, in writing, by all Parties hereto.

32. The provisions of this Agreement shall survive the conclusion of the Action.

33. Within ninety (90) days after final resolution of the Action (including resolution of all appellate proceedings), all documents and copies of all documents (other than exhibits of record) produced or supplied by a Producing Party which contain Confidential Information or Attorneys' Eyes Only Information shall be either returned to the Producing Party or destroyed. Upon request of the Producing Party who supplied the Confidential Information or Attorneys' Eyes Only Information, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the Producing Party not more than ninety (90) days after the final resolution of the Action.

34.     The Parties and any Non-Party subject to the terms of this Agreement

agree that the Court has jurisdiction over all Producing Parties and Receiving

Parties for the purpose of enforcing this Agreement.

**STIPULATED AND AGREED** this __ day of June, 2010 by:

**LIST COUNSEL**

**SO ORDERED:**

_____

Honorable P. Kevin Castle
United States District Judge
Southern District of New York

June ___, 2010

**ATTACHMENT A**

**ACKNOWLEDGEMENT OF AGREEMENT OF NON-PARTY TO BE BOUND BY
PROTECTIVE AGREEMENT GOVERNING CONFIDENTIAL INFORMATION**

I certify that I have received a copy of the Stipulated Confidentiality and Protective Order governing Confidential Information dated _____, 2010 ("Agreement").

I further certify that I have read and fully understand the contents of this Agreement.

I intend to produce documents to the parties in the litigation pursuant to the terms of the Agreement. Accordingly, I agree to be bound by the terms of this Agreement and understand that all documents or information produced by me shall be treated in the same manner as documents or information produced by a party. I also understand and agree to provide executed copies of this form to all of the parties.

I understand that a failure to comply with this Agreement may constitute contempt of the Court and/or a violation of applicable laws. I, therefore, consent to the exercise of personal jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of this Agreement.

NAME

SIGNATURE

DATE SIGNED

Confidentiality Agreement          Page **20** of **21**          Civil Action No. 08-cv-06857-PKC

## ATTACHMENT B

### ACKNOWLEDGEMENT OF PROTECTIVE AGREEMENT GOVERNING
### CONFIDENTIAL INFORMATION

I certify that I have received a copy of the Stipulated Agreement and Protective Order governing Confidential Information dated June 23, 2010 ("Agreement").

I further certify that I have read and fully understand the contents of this Agreement.

I understand and agree to comply with the standards and procedures that are set forth in the Agreement. I also understand that compliance with these standards and procedures is a condition of receipt of Confidential Information or Attorneys' Eyes Only Information and that a failure to comply may constitute contempt of the Court and/or a violation of applicable laws. I, therefore, consent to the exercise of personal jurisdiction by the Unites States District Court for the Southern District of New York for purposes of enforcement of this Agreement.

FOR PLAINTIFF:

By: _Caitlin M. Monya_

CAITLIN MONYA, Esq.
New York Federal Bar# CE 3278
BOWER PIVEN, PC
488 Madison Avenue
8th Floor
New York, New York 10022
Email: Moyna@browerpiven.com

FOR JACK KACHKAR, JAY M. GREEN, RIMA GOLDSCHMIDT, and INYX, Inc.:

By: _____

JONATHAN MARC DAVIDOFF, Esq.
New York Federal Bar #JD9157
DAVIDOFF LAW FIRM, PLLC
60 East 42nd Street
Suite 2231
New York, New York 10165
Email: Jonathan@Davidofflawfirm.com

Confidentiality Agreement          Page 21 of 21          Civil Action No. 08-cv-06857-PKC