# Exhibit 9

Jack Kachkar
#1210, 445 Grand Bay Drive
Key Biscayne, Florida 33149

**BY COURIER**

January 28, 2010

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re:   *The Pennsylvania Avenue Funds v. Inyx, Inc., et al. No. 08-cv-06857-PKC*

Dear Judge Castel:

I am, personally, a Defendant in the above noted case. I am also Chairman and Chief Executive Officer of Inyx, Inc. ("Inyx"), the lead Defendant in the case. I am writing this letter to Your Honor (with a copy to all counsel) in response to today's order granting Butzel Long's application to withdraw as our counsel, and giving all of the Defendants until February 26, 2010 to retain new counsel.

Inyx, I, and my fellow Defendants Rima Goldshmidt ("Goldshmidt") and Jay M. Green ("Green"), collectively, the "Defendants", intend to fully comply with today's Court Order and are very grateful to Your Honor for the time and instructions provided to do so, especially under the circumstances noted herein.

Butzel Long has been unwilling to fulfill its professional and ethical responsibilities as legal counsel to the Defendants in this matter since the latter part of October 2009 through today, described more fully below. As a result, the Defendants were not fully aware of their rights and responsibilities in this entire matter. In particular, the Defendants had not yet filed a collective Opposition Motion to Butzel Long's Motion to Withdraw because not all of the Defendants have been served such notice as of yet. Additionally, I have not had the opportunity to fully research how to file the proper opposition papers on a pro se basis for each individual defendant in the Southern District of New York. From my research and as highlighted by today's Court Order, I was not able to file an opposition motion on Inyx's behalf as the corporation cannot represent itself.

Despite Butzel Long's claims to the contrary, the Defendants did inform their firm in writing, on a number of occasions and prior to today's Court Order, that we opposed the motion to withdraw and intended to file an opposition to it. But, based on my review of the records, Butzel Long has not disclosed such noted opposition to the Court.

1

Jack Kachkar<br>
#1210, 445 Grand Bay Drive<br>
Key Biscayne, Florida 33149

On January 8, 2010, I did receive by Federal Express the following documents from Butzel Long: A *Notice of Entry*, signed by Martin E. Karlinsky, along with copies of Court Orders issued by Your Honor on December 22, 2009. However, I have confirmed with my co-defendants that Inyx (at its office in New York), Goldshmidt and Green have yet not received such documents.

Enclosed in the courier package that I received was a notice of a hearing that was scheduled to take place on January 20, 2010 with respect to Butzel Long's Motion to Withdraw and the accompanying Affidavit of Butzel Long partner Martin Karlinsky, Esq. I was never informed if such hearing ever took place as Butzel Long did not provide me any further information in regard to such notice.

Butzel Long also never provided to me or the other Defendants they represented, in any communication, a copy of Your Honor's January 11, 2010 Order in response to the Lead Plaintiff's January 8, 2010 correspondence/filing (Docket No. 73).

I only discovered the January 11, 2010 Court Order and related January 8, 2010 Brower Piven correspondence to the Court in the Court Docket as I was preparing this correspondence. I obtained access to the docket through Pacer. As noted above, today as I was completing this correspondence, I also noted on the same Court Docket, the Court's January 28, 2010 Order granting Butzel Long's Motion to Withdraw (Docket No. 75).

Furthermore, Mr. Karlinsky is inaccurate, if not disingenuous, in his Affidavit filed with the Court with respect to the following items:

1.) Although our lead attorney at Butzel Long was Martin P. Russo, Esq., who is now with Gusrae Kaplan Bruno & Nussbaum PLLC ("Gusrae Kaplan"), there were other Butzel Long attorneys handling this particular litigation for the Defendants, including Cynthia (Cindy) Haffey and Bruce Sendek. I do believe both attorneys are still with Butzel Long. To the best of my knowledge, Mr. Karlinsky, himself, was never involved in the litigation of this case in behalf of the Defendants. I believe that the only reason he has made an appearance in this case was to file the Butzel Long withdrawal motion.

2.) When Mr. Russo suddenly left Butzel Long, which we believe was on a less than an amicable basis, we did ask Butzel Long to wait before stopping work in our behalf and to provide us with adequate time to properly identify and retain new counsel, which we hoped would be Gusrae Kaplan. Our intent was to then have the two firms prepare and file a proper substitution motion. Butzel Long, however, refused to comply with our request and filed its withdrawal motion without proper justification and notice to us. Butzel Long did notify us that it intends to find a basis to hold our files, records and documents, and not release them to new counsel.

Jack Kachkar<br>
#1210, 445 Grand Bay Drive<br>
Key Biscayne, Florida 33149

3.) Mr. Karlinsky declares in his Affidavit that the Defendants have not paid Butzel Long and are currently indebted to Butzel Long in an amount exceeding $2.75 million. We have paid Butzel Long in excess of $2.5 million in fees for this and other matters. Moreover, we do not owe Butzel long anywhere near the additional amount they cite for this case. The majority of the amount alleged to be owed in Mr. Karlinsky's Affidavit is for other matters and not this litigation. Mr. Karlinsky's claim that the Defendants have not given any assurances regarding future payment is also inaccurate. Commencing in mid-October 2009, we have repeatedly asked Butzel Long to provide us with all outstanding invoices so that we can review and pay any outstanding amounts justifiable and accurately documented. Butzel Long only sent me all the alleged outstanding/open invoices for this and other matters on January 4, 2010. Any open third party/vendor invoices and disbursements were only provided to me on January 11, 2010. We are currently reviewing all the invoices as we would like to settle any legitimate outstanding amounts and disbursements owed to Butzel Long.

4.) In regard to Butzel Long's invoices, we have seen evidence that the firm may have grossly over-billed us on its attorneys' time charges for certain items and matters. Previously, we made several offers to Butzel Long to pay a settlement amount, but all such offers have been refused. As a result, we notified Butzel Long that the Defendants intend to file an arbitration demand to settle any outstanding fee issues. We have also requested from the firm all their attorneys' time-sheets related to the alleged outstanding invoices, which Butzel Long has refused to provide.

In regard to Your Honor's order today, Defendants do intend to engage replacement counsel in time to comply with the February 26, 2010 deadline for new counsel to file a Notice of Appearance with the Court. Therefore, in view of today's Court Order, Defendants respectfully ask the Court to instruct Butzel Long to turn over immediately to me, on behalf of the Defendants, all of our files, records and documents so that our new counsel has adequate time to prepare for the Pretrial Conference scheduled for March 1, 2010.

Should the Court have any questions or requests, the Defendants do stand ready to respond.

Respectfully submitted,

*/s/ Jack Kachkar*
Jack Kachkar

cc: Counsel of Record and Co-defendants (electronically and by courier)

3