UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-13-10
```

-----------------------------------------------------------x

THE PENNSYLVANIA AVENUE FUNDS,
individually and on behalf of all others similarly
situated,

                    Plaintiff,                              08 Civ. 6857 (PKC)

          -against-                                         ORDER

INYX INC., JACK KACHKAR, STEVEN
HANDLEY, RIMA GOLDSCHMIDT, JAY M.
GREEN and BERKOVITS, LAGO &
COMPANY LLP,

                    Defendants.

-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Lead Plaintiff David S. Lenington has moved to compel defendants Inyx Inc.,

Jack Kachkar, Rima Goldschmidt and Jay M. Green (the "Defendants") to fully respond to his

First Request for Production of Documents (the "Requests"). Lead Plaintiff also asks the Court

to sanction the Defendants and current defense counsel Jonathan Davidoff for failing to comply

with the Federal Rules of Civil Procedure and for failing to comply with their document

preservation obligations under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §

78u-4(b)(3)(C)(i). Lead Plaintiff also asks the Court to sanction Mr. Davidoff for creating

excessive delays and for multiplying the proceedings in this case unreasonably and vexatiously.

See 28 U.S.C. § 1927. The Court is fully familiar with the history of this case, which is set forth

in detail on the docket sheet and in the Court's prior orders.

          Plaintiff's motion (Docket No. 91) is GRANTED insofar as it seeks the

production of documents. By no later than July 27, 2010, the Defendants shall produce all

documents responsive to the Requests which the Defendants possess or over which the

Defendants have control.

documents responsive to the Requests which the Defendants possess or over which the
Defendants have control.

In their opposition, the Defendants argue that a number of responsive documents
are in the possession of their former attorneys Butzel Long. I note that in a May 19, 2010 letter
to the Court, Mr. Davidoff represented that if Butzel Long did not deliver its "entire [client] file
and all of the documents relating to this action that are in [its] possession," by May 28, 2010, he
would "file a motion with the Court requesting an Order . . . instructing prior counsel to deliver
such documents. . . ." (Docket No. 90.) The Defendants never filed such a motion. Instead, in
their opposition to Lead Plaintiff's motion to compel, they half-heartedly requested that the
Court order Butzel Long to produce these documents to the Defendants. (Pl. Opp. at 16-17.)
The Defendants did not serve Butzel Long with the opposition containing this request. (Id. at
18.) This application is denied without prejudice to the Defendants filing a separate motion
seeking this relief, which the Defendants must serve upon Butzel Long and Lead Plaintiff.

The date in paragraph 5 of the Civil Case Management Plan and Scheduling
Order (the "Scheduling Order") for the completion of fact discovery is extended until November
30, 2010. The date in paragraph 7 of the Scheduling Order for the completion of expert
discovery is extended to January 31, 2011. The pretrial conference scheduled for October 4,
2010 is adjourned to December 3, 2010 at 11:30 a.m.

Finally, the issue of sanctions, including but not limited to, attorneys' fees
incurred by Lead Plaintiff in connection with the Defendants' failure to timely respond to the
Requests, and in connection with Lead Plaintiff's motion to compel, will be addressed at the
final pretrial conference, which will be scheduled at the December 3, 2010 pretrial conference.

- 2 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 13, 2010