USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 5-4-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated,<br><br>INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP,<br><br>Defendants. | Civil Action No. 08-cv-06857-PKC |

~~[PROPOSED]~~ PKC

**FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing pursuant to an Order of this Court dated February 9, 2012 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of February 9, 2012 (the "Stipulation") entered into by Plaintiff David S. Lenington, through Class Counsel, Brower Piven, A Professional Corporation, on behalf of himself and the Class, and defendants Inyx, Inc. ("Inyx"), appearing without counsel through its Chairman and CEO Dr. Jack Kachkar, and Jack Kachkar, Rima Goldshmidt, and Jay M. Green, appearing *pro se* (the "Defendants" and together with Lead Plaintiff, the "Settling Parties"), and, following a hearing on May 4, 2012 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. For purposes of this Class Judgment, the Class, as certified by Order of this Court dated July 5, 2011, is defined as all purchasers of Inyx common stock between April 1, 2005 and July 2, 2007, inclusive. Excluded from the Class are Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Inyx, members of any such excluded person's families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Class shall also exclude those Persons listed in Exhibit 1 hereto who requested exclusion from the Class.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds and Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Class Members constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort, and satisfied all of the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws.

4. All Class Members who did not request to exclude themselves by written communication postmarked or delivered on or before April 27, 2012 are bound by this Judgment.

5. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

6. Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiff and all Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties, in particular experienced Class Counsel, and the absence of objections from any Class Member to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Class Judgment in this Action.

7. Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Class Judgment shall have fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and all of the Released Claims against the Released Parties, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation or the Settlement. All members of the Class shall be bound by the releases set forth in the Stipulation whether or not they submit a valid and timely Proof of Claim.

8. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged and shall forever be enjoined from prosecution against Plaintiff, each and all of the Class Members and Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this Action, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation, the Settlement or this Judgment.

9. The adequacy of the representation of the Class by Lead Plaintiff and Class Counsel is hereby determined to, at all times, have been consistent with the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995, and due process.

10. The Action is hereby dismissed without costs to any Settling Party except as provided in the Stipulation, and with prejudice.

11. Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties, except that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation, the Settlement or this Class Judgment.

12. The Court finds that during the course of this Action, the Settling Parties and/or their counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and 26, and that Class Counsel has, at all times, complied with all of the rules and canons of professional conduct.

13. This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Class Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Settlement and Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to members of the Class as provided in the Stipulation and Plan of Allocation.

14. No Authorized Claimant shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against Defendants or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

15. This Court hereby awards Class Counsel attorneys' fees in the amount of 33 1/3% of the Settlement Fund, less out-of-pocket expenses PKC and reimbursement of their out-of-pocket expenses incurred in the prosecution of this Action on behalf of the Class in the amount of $105,594.24, with interest at the same rate earned by the Settlement Fund on such amounts from the date of this Class Judgment until such amounts are actually paid to Class Counsel. The Court finds that the amount of attorneys' fees awarded herein is fair and reasonable based on: the work performed and costs incurred by Class Counsel; the complexity of the case; the risks undertaken by Class Counsel and the contingent nature of their employment; the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action

securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for members of the Class through the Settlement; and the absence of objections from Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

16. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Fund, when and to the extent funds are available in the Settlement Fund to make such payments. Class Counsel may deduct all or part of their ~~attorneys' fees and~~ expenses immediately upon the Settlement Fund receiving any Installment, Discount, Balloon or Alternate Balloon Payments until the award of ~~of attorneys' fees and~~ expenses herein, with interest thereon, has been fully paid. No distributions to Class members will be made until Class Counsel has been paid the full amount of their award of ~~attorneys' fees and~~ of expenses, all Notice and Settlement administration expenses have been paid and all taxes due and owing have been paid. Thereafter Class Counsel may receive a proportionate payment from each payment made into the Settlement Fund. The Released Parties shall have no liability or responsibility for the payment of any of Plaintiff's or Class Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

17. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Class Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Class Judgment and each shall be considered separate for the purposes of appellate review of this Class Judgment.

PKC PKC PKC PKC

18. Pursuant to the Private Securities Litigation Reform Act of 1995 and as may be provided by applicable federal or state statutes or common law, all actions and claims for contribution are permanently barred, enjoined and finally discharged (a) against the Released Parties and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class Members has been extinguished pursuant to the Stipulation or this Class Judgment.

19. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, or the Effective Date does not occur, the Settlement Fund shall be returned to Defendants, and this Class Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. In the event of a material breach of the Stipulation by Inyx, and Inyx is notified of such default as provided by the Stipulation, Class Counsel shall enforce the terms of the Stipulation as provided therein and, pursuant to the terms of the Stipulation, Class Counsel may enter or apply to this Court for entry, as necessary to assure its enforceability, of the Kachkar Judgment substantially in the form annexed hereto as Exhibit 2 upon submission by Class Counsel of evidence that Class Counsel has complied with the terms of the Stipulation for entry of such judgment.

21. Without affecting the finality of this Class Judgment in any way, this Court hereby retains continuing jurisdiction over this Action, Class Members and the Released Parties for the purposes of: (a) supervising the implementation, enforcement, construction and interpretation of the Stipulation, the Plan of Allocation and this Judgment; (b) hearing and

determining any application by Class Counsel for an award of attorneys' fees and expenses if determination is not made at the Settlement Hearing; (c) supervising the distribution of the Settlement Fund; and (d) supervising any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

Dated: May 4, 2012

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

The case is closed. All motions are terminated.

Exhibit 1

**Persons Who Requested Exclusion From The Class**

| Name | Address | Shares Held at the Close of the Market on July 1, 2007 |
|---|---|---|
| Quaker Funds, Inc. | 309 Technology Drive, Malvern, PA 19355 | 13,000 shares |
| James P. Acosta | 235 E. 57th St. Apt. 2D, New York, NY 10022 | 10,565 shares |

Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated,<br><br>INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP,<br><br>Defendants. | Civil Action No. 08-cv-06857-PKC |

**[PROPOSED]**
**CONSENT JUDGMENT**

This matter came before the Court for hearing pursuant to the Final Judgment (the "Class Judgment") entered by this Court on ______________, 2012, approving the settlement (the "Settlement") on the terms and conditions set forth in a Stipulation and Agreement of Settlement dated as of February 9, 2012 (the "Stipulation") entered into by Plaintiff David S. Lenington, through Class Counsel, Brower Piven, A Professional Corporation ("Class Counsel") on behalf of himself and the Class, and defendants Inyx, Inc. ("Inyx"), appearing without counsel through its Chairman and CEO Dr. Jack Kachkar, and Dr. Jack Kachkar, Rima Goldshmidt and Jay M. Green, appearing *pro se* (the "Defendants" and together with Lead Plaintiff, the "Settling Parties").

In connection with the Stipulation and Class Judgment, defendant Dr. Jack Kachkar agreed that, if Inyx defaulted on its obligations under the Stipulation to make certain periodic cash payments and/or failed to convey certain intellectual property to Class Counsel as provided for in the Stipulation, that such obligations would be accelerated and that, after notice and

Balloon Payments, to Class Counsel, Class Counsel has the right to enter the self executing

For Defendant Dr. Jack Kachkar, *Pro Se*:

Dr. Jack Kachkar, M.D.
445 Grand Bay Drive, Apt. 1210
Key Biscayne, FL 33149

For Lead Plaintiff David S. Lenington and the Class:

David A.P. Brower, Esq.
Brower Piven
A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: 212-501-9000
Facsimile: 212-501-0300