USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 11-10-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP,<br><br>Defendants. | Civil Action No. 08-cv-06857-PKC |

**CONSENT JUDGMENT**

This matter came before the Court for hearing pursuant to the Final Judgment (the "Class Judgment") entered by this Court on May 4, 2012, approving the settlement (the "Settlement") on the terms and conditions set forth in a Stipulation and Agreement of Settlement dated as of February 9, 2012 (the "Stipulation") entered into by Plaintiff David S. Lenington, through Class Counsel, Brower Piven, A Professional Corporation ("Class Counsel") on behalf of himself and the Class, and defendants Inyx, Inc. ("Inyx"), appearing without counsel through its Chairman and CEO Dr. Jack Kachkar, and Dr. Jack Kachkar, Rima Goldshmidt and Jay M. Green, appearing *pro se* (the "Defendants" and together with Lead Plaintiff, the "Settling Parties").

In connection with the Stipulation and Class Judgment, defendant Dr. Jack Kachkar agreed that, if Inyx defaulted on its obligations under the Stipulation to make certain periodic cash payments and/or failed to convey certain intellectual property to Class Counsel as provided for in the Stipulation, that such obligations would be accelerated and that, after notice and expiration of the applicable notice period provided for in the Stipulation, and defendant Dr. Jack

Kachkar's failure to cure such defaults as provided in the Stipulation, Class Counsel would have the right to enter judgment, with the consent of Dr. Jack Kachker, against Dr. Jack Kachkar to enforce collection of the accelerated payment provisions of the Stipulation and recover all sums due and owing by Inyx from Dr. Jack Kachker (the "Kachkar Judgment").

Following a hearing on ____________, 2013 before this Court to consider the applications of Class Counsel for entry of this Kachkar Judgment, the Court having considered all papers filed, the Stipulation, and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. The Court finds that Inyx defaulted on its obligations under the Stipulation; that Class Counsel properly gave Inyx notice of its default as provided by the Stipulation; that Inyx did not timely cure its default as provided by the Stipulation; and that Inyx's obligations under the Stipulation were therefore accelerated as provided by the Stipulation.

3. The Court finds that upon Inyx's default of its obligations under the Stipulation, Class Counsel provided Dr. Jack Kachkar with due and proper notice of Inyx's default as provided for by the Stipulation and that Dr. Jack Kachkar did not cure that default on behalf of Inyx within the time provided in the Stipulation.

4. This Court finds that Dr. Jack Kachkar agreed in the Stipulation that, if within ninety (90) days of Class Counsel's transmittal of notice of default by Inyx to Dr. Jack Kachkar, and Dr. Jack Kachkar failed to pay the maximum Settlement Amount of $1,100,000.00 (US) in cash, less the total amount of any previously made Installment, Discount, Balloon or Alternate Balloon Payments, to Class Counsel, Class Counsel has the right to enter the self-executing, non-

appealable Kachkar Judgment against Dr. Jack Kachkar in substantially the form annexed as Exhibit B to the Class Judgment in this Action, holding Dr. Jack Kachkar liable to the Class for the maximum Settlement Amount of $1,100,000.00 (US) in cash, less any previously paid Installment, Discount, Balloon or Alternate Balloon Payments, with interest thereon to accrue from entry at the statutory rate in effect at the time of the entry of the Kachkar Judgment.

5. The Court finds that Dr. Jack Kachkar failed to cure the default of Inyx and pay or caused to be paid within the time provided by the Stipulation the maximum Settlement Amount under the Stipulation of $1,100,000.00 (U.S.) in cash, less any Installment, Discount Installment, Balloon and Alternate Balloon Payments previously paid to Class Counsel under the Stipulation by Inyx, and that Dr. Jack Kachkar became personally liable for the maximum Settlement Amount under the Stipulation of $1,100,000.00 (U.S.) in cash, less any Installment, Discount Installment, Balloon, and Alternate Balloon Payments previously paid to Class Counsel by Inyx under the Stipulation, in the amount of $1,050,000.00 (U.S.) in cash, as provided in the Stipulation.

6. The Court finds that Dr. Jack Kachkar, to the fullest extent permitted by law, waived any right to challenge, and any defenses or protections under federal or state law, or under the law of any foreign jurisdiction, including any homestead exemptions, to entry of, or execution upon this Kachkar Judgment and/or enforcement, execution and/or collection as provided therein of the maximum Settlement Amount, less any previously paid Installment, Discount, Balloon or Alternate Balloon Payments, in any forum, and Dr. Jack Kachkar waived any right to appeal entry of this Kachkar Judgment or this Kachkar Judgment in any manner in any forum.

7. The Court finds that Dr. Jack Kachkar, as part of the Stipulation and agreed upon form of the Class Judgment, agreed to the form of this Kachkar Judgment, the findings in this

Kachkar Judgment, and the entry and enforcement of this Kachkar Judgment on the terms and conditions set forth in the Stipulation and herein

8. Based upon the foregoing, the Court directs Dr. Jack Kachkar to pay or cause to be paid to Class Counsel within ten (10) days of entry of this Kachkar Judgment the amount of $1,050,000.00 (U.S.) in cash.

9. The Court finds that Class Counsel is entitled to post-judgment interest from Dr. Jack Kachkar on the amount of this Kachkar Judgment from its entry until payment of the full amount to Class Counsel by Dr. Jack Kachkar, and Dr. Jack Kachkar is directed to pay all such interest due and owing.

10. Upon payment in full of the amount of this Kachkar Judgment, Class Counsel shall provide Dr. Jack Kachkar with a satisfaction of judgment.

11. This Court hereby retains continuing jurisdiction over this Action, Plaintiff, the members of the Class and the Released Parties for the purposes of: (a) supervising the implementation, enforcement, construction and interpretation of the Stipulation, the Class Judgment and this Kachkar Judgment.

12. The Clerk of the Court is directed to enter and docket this Kachkar Judgment in this Action.

Dated: 11-7-14, ~~2013~~ 14

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE